IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEFF BROWN, Individually and as Co-Special Administrator of the Estate of KB, Deceased, and SHERRI GOTHIER, Individually and as Co-Special Administrator of the Estate of KB, Deceased,<br><br>        Plaintiffs,<br><br>V.<br><br>MERCY MEDICAL CENTER, Sioux City, MERCY MEDICAL SERVICES, and MERCY HEALTH SERVICES, Iowa, Corp.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 8:12CV31<br><br><br><br>ORDER |

This matter is before the Court on Plaintiffs' Motion to Amend Complaint. (Filing 73.) For the reasons expressed below, Plaintiffs' motion will be denied.

**BACKGROUND**

On June 18, 2010, Plaintiffs filed a wrongful death action in this Court, alleging that Dr. Benjamin Martin, an employee of Defendant Mercy Medical Services ("MMS"), was negligent in his care and treatment of their daughter, KB. *See Brown v. Providence Medical Center*, 8:10CV230 (D. Neb. 2010) (hereinafter "*Brown I*"). Plaintiffs alleged that MMS should be held liable for Dr. Martin's alleged medical negligence on January 24, 2010, including (1) failing to properly assess KB's condition on January 24, 2010; (2) failing to provide adequate or necessary medical care to KB on January 24, 2010; and (3) putting KB in an ambulance for a trip to Mercy Medical Center when it was unsafe due to her medical condition. *Brown I*, filing 50.

Nearly a year and a half after the *Brown I* litigation was initiated, on the day of the pre-trial conference and just weeks before trial, Plaintiffs filed a motion to dismiss the case without prejudice, citing Plaintiffs' counsel's scheduling conflict with a trial in Iowa. *Brown I*, filing 189. Plaintiffs' motion to dismiss was granted on October 14, 2011, conditioned upon Plaintiffs' payment of Defendants' reasonable attorney fees, costs and expenses incurred in the defense of the action if any claim presented in the case was re-filed. *Brown I*, filing 196. Plaintiffs filed this second action against MMS on January 20, 2012, based on the same events as *Brown I*. (Filing 1.)

## DISCUSSION

Under Federal Rule of Civil Procedure 15, a court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15. Nevertheless, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (internal quotation and citation omitted).

Plaintiffs' proposed amended complaint alleges, for the first time, that MMS is liable for the negligence of another of its employees, Dr. James Lindau. Specifically, Plaintiffs allege that Dr. Lindau was negligent when he failed to contact KB's ENT on January 22 and 23, 2010.[1] (Filing 73.) The proposed amended complaint also adds new allegations of "negligent . . . retention and supervision of doctors who it knew, or should have known, lacked the skill to provide necessary emergency care," failing to enforce policies "that provide for continuity of care between its emergency care doctors and the patient's primary surgeon-doctor" and for "failing to protect KB from negligent treatment" prior to January 24, 2010. (*Id*.) Plaintiffs assert that the proposed amended complaint "will clarify the Defendants and their status, the allegations of negligence, and remove allegations that were included in the original Complaint, and that are now unnecessary." (*Id*.)

---

[1] The proposed amended complaint does not add Dr. Lindau as a formal party to this action.

Defendants argue that Plaintiffs' motion should be denied because the proposed amendments would be futile. In particular, Defendants assert that Plaintiffs' new contentions are barred by the statute of limitations. Defendants maintain that because Plaintiffs' claims against Dr. Lindau are time-barred, Plaintiffs are likewise barred from bringing any vicarious/corporate liability claims for Dr. Lindau's alleged negligence against MMS. Additionally, Defendants argue that Plaintiffs' motion should be denied because Plaintiffs unduly delayed in seeking to amend, resulting in unfair prejudice to Defendants.

Considering the totality of the circumstances, the Court will deny Plaintiffs' motion to amend. The Court finds that Plaintiffs unduly delayed in adding the allegations they now propose and that allowing Plaintiffs to amend their Complaint at this time would unfairly prejudice Defendants. Plaintiffs first initiated litigation in June, 2010. The parties undertook extensive discovery in *Brown I* and were nearly ready to try the matter when Plaintiffs suddenly moved to dismiss the action. Now, nearly three years after litigation between the parties first began, Plaintiffs want to amend their Complaint to add new allegations and theories of liability based on underlying factual support which was seemingly available prior to filing their complaint in *Brown I*. The parties have spent a considerable amount of time and expense litigating Plaintiffs' claims and have engaged in significant discovery and consultation with experts. Allowing Plaintiffs to add issues related to Dr. Lindau's alleged negligence and/or MMS's liability related thereto would surely create the need for additional discovery and expense. Plaintiffs have not pointed to any newly discovered evidence which would justify filing an amended complaint at this time.

Having concluded that Defendants would be unduly prejudiced by Plaintiffs' proposed amendments, the Court will not consider the issue regarding the statute of limitations.

**IT IS ORDERED** that Plaintiffs' Motion to Amend Complaint (filing 73) is denied.

**DATED April 9, 2013.**

                                       **BY THE COURT:**

                                       **S/ F.A. Gossett**
                                       **United States Magistrate Judge**