IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEFF BROWN and SHERRI GOTHIER, Individually and as Co-Special Administrators of the Estate of KB, Deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>MERCY MEDICAL SERVICES, MERCY HEALTH SERVICES – Iowa, Corp., and MERCY MEDICAL CENTER – Sioux City,<br><br>Defendants. | CASE NO. 8:12CV31<br><br><br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Statement of Objections to Magistrate Judge's Order (Filing No. 88) filed by the Plaintiffs. The Plaintiffs object to Magistrate Judge Gossett's Order (Filing No. 87) denying their Motion to Amend Complaint (Filing No. 73). For the reasons discussed below, the Objections will be overruled.

## BACKGROUND

On June 18, 2010, the Plaintiffs initiated in this Court an action against the Defendants. (*See Brown v. Providence Med. Ctr.*, Case No. 8:10cv230 (D. Neb. 2010) ("*Brown I*")).[1] The Plaintiffs filed their first amended complaint in *Brown I* on August 3, 2010, and their second amended complaint on November 12, 2010 (*Brown I*, Filing Nos. 20, 50). The Plaintiffs alleged that Defendant Mercy Medical Services ("MMS") should be held liable for the alleged medical negligence of Dr. Benjamin Martin--an employee of MMS--which occurred on January 24, 2010, when Dr. Martin cared for and treated the Plaintiffs' daughter, KB. The alleged negligence included: (1) failing to properly

---

[1] When the Court refers to documents filed in the above-captioned action, it will cite only to the filing number of that document. When it refers to documents filed in *Brown I*, it will so indicate.

assess KB's condition on January 24, 2010; (2) failing to provide adequate or necessary medical care to KB on January 24, 2010; and (3) putting KB in an ambulance for a trip to Defendant Mercy Medical Center when it was unsafe to do so because of KB's medical condition.  (*Id.*, Filing No. 50 ¶ 30.)  The Plaintiffs referenced KB's admission to Providence Medical Center ("PMC") on January 22, 2010, and her subsequent discharge "in a stable condition[ ] on January 23, 2010" (*Id.*, ¶¶ 11-12), but did not indicate that they based any of their claims on conduct that occurred prior to January 24, 2010.

On October 6, 2011, the day of the pretrial conference, the Plaintiffs requested that the trial date--November 15, 2011--be altered or that *Brown I* be dismissed without prejudice.  (*Id.,* Filing Nos. 189 & 190.)  The Plaintiffs cited their counsel's scheduling conflict with another trial in Iowa to support their request.  (*Id.*, Filing No. 189.)  The Plaintiffs' request to alter the trial date was denied, and the Plaintiffs filed a separate motion seeking the dismissal of *Brown I*, which the Defendants opposed.  (*Id.*, Filing No. 192-94.)  On October 14, 2011, the Court granted the Plaintiffs' motion to dismiss (*id.*, Filing No. 196), and dismissed *Brown I* without prejudice to refiling, but conditioned the refiling of the action on the Plaintiffs paying the Defendants' reasonable attorney fees, costs, and expenses incurred in the defense of *Brown I*.

The Plaintiffs filed their Complaint in this action ("*Brown II*") (Filing No. 1) on January 20, 2012.  Both *Brown I* and *Brown II* arose "from the same events" and "[t]he claims and allegations are essentially the same."  (Pl.'s Br., Filing No. 41 at CM/ECF p. 3.)  The Plaintiffs again referenced KB's admission to PMC on January 22, 2010, and subsequent release in a stable condition on January 23, 2010 (Filing No. 1 ¶¶ 17-18),

and like in *Brown I*, made allegations of negligence relating only to Dr. Martin's January 24, 2010, conduct (Filing No. 1 ¶ 35).

On March 5 and 6, 2012, the Defendants filed motions to stay and for fees, costs, and expenses incurred in the defense of *Brown I*, along with supporting briefs and indexes of evidence. (Filing Nos. 28-30, 34-35, 44.) The Plaintiffs opposed the motions. (Filing No. 41.) On May 2, 2012, the Court granted the Defendants' motions in part; it subtracted from the requested awards the fees, expenses, and costs relating to discovery developed in *Brown I* that could be used in *Brown II*. (Filing No. 45.) On June 1, 2012, the Plaintiffs appealed this ruling to the Eight Circuit. (Filing No. 46.) On July 24, 2012, the Eight Circuit dismissed the Plaintiffs' appeal (Filing No. 50), and on August 14, 2012, issued its mandate (Filing No. 51). The Plaintiffs deposited with the Clerk of the Court the amounts awarded to the Defendants, and the funds have been distributed to the parties with out-of-pocket expenses. (*See* Filing Nos. 53, 61.)

The Plaintiffs filed their Motion to Amend, with a proposed amended complaint as an attachment, on January 31, 2013, the day prior to the deadline for filing such motions. (Filing No. 71 ¶ 7.) The Plaintiffs stated that the proposed amended complaint would "clarify the Defendants and their status, the allegations of negligence, and remove allegations that were included in the original Complaint, and that are now unnecessary[.]" (Filing No. 73.) The Plaintiffs did not, however, "clearly identif[y] the proposed amendments" in the attached proposed amended complaint, or "specifically

3

state [in their Motion to Amend] the proposed amendments and . . . whether the motion is unopposed or opposed, after conferring with opposing parties."[2]

A review of the proposed amended complaint reveals the Plaintiffs actually seek to add new allegations of negligence relating to conduct occurring prior to January 24, 2010, engaged in by a second MMS employee, Dr. James A. Lindau. (Filing No. 73-1 ¶¶ 11, 13, 18, 21, 25, 48(b), 50; *see also id.* ¶ 51.) Specifically, the Plaintiffs allege Dr. Lindau failed to contact KB's primary doctor prior to releasing KB on January 24, 2010. The Plaintiffs have also added an allegation relating to "negligent . . . retention and supervision of doctors who it knew, or should have known, lacked the skill to provide necessary emergency care," and an allegation relating to MMS's alleged failure "to promulgate and enforce policies that provide for continuity of care between its emergency care doctors and the patient's primary surgeon-doctor."[3] (*Id.* ¶¶ 51, 52.)

Judge Gossett denied the Plaintiffs' Motion to Amend, finding that, under the totality of the circumstances, the Defendants would be unfairly prejudiced if the Court permitted the Plaintiffs to amend their Complaint at this time. (Filing No. 87.) Among the circumstances Judge Gossett considered were: that the Plaintiffs initiated *Brown I* almost three years ago and filed an eleventh-hour motion to dismiss without prejudice after the parties had engaged in extensive discovery and consultation with experts and

---

[2] *See* NECivR 15.1(a):

> A party who moves for leave to amend a pleading . . . must file as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments. . . . The motion for leave to amend must (1) specifically state the proposed amendments and (2) state whether the motion is unopposed or opposed, after conferring with opposing parties.

[3] This proposed allegation seems to alter the current allegation that "MMS failed to promulgate and enforce policies or procedures to ensure the delivery of appropriate emergency medical care for [its] patients." (Filing No. 1 at ¶ 38.)

were nearly ready to try the matter; that the Plaintiffs are seeking to add new allegations and theories of liability based on facts available to the Plaintiffs prior to the time they initiated *Brown I*; and that the Plaintiffs have not pointed to any recently discovered evidence that would justify a new complaint at this time.  Having found that undue prejudice would result if the Plaintiffs were permitted to amend their complaint, Judge Gossett did not consider the Defendants' argument that leave to amend should be denied because the statute of limitations applicable to professional negligence claims would bar bringing Dr. Lindau into the action as an unnamed party, at least based on conduct separate and distinct from the conduct the Plaintiffs had previously alleged gave rise to their causes of action.

## STANDARDS

**I. Rule 72**

When a party objects to a magistrate judge's order on a nondispositive pretrial matter, a district court may set aside any part of the magistrate judge's order shown to be clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). "'A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Saleen v. Waste Mgmt., Inc.*, 649 F. Supp. 2d 937, 943 (D. Minn. 2009) (quoting *Chase v. Comm'r of Internal Revenue,* 926 F.2d 737, 740 (8th Cir.1991)) (internal quotation marks omitted).  "An order is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure."  *Haviland v. Catholic Health Initiatives-Iowa, Corp.*, 692 F. Supp. 2d 1040, 1043 (S.D. Iowa 2010) (internal quotation marks and citation omitted).

## II. Rule 15

After the time for amending a pleading as a matter of course has expired, *see* Fed. R. Civ. P. 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts are directed to "freely give leave," but only "when justice so requires." *Id.* Thus, "[a] denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (internal quotation marks and citation omitted). In other words, "[t]here is no absolute right to amend," *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 841 (8th Cir. 2004) (internal quotation marks and citation omitted), and a district court has "'broad discretion'" when deciding whether to grant or deny a party's request for leave to amend pursuant to Rule 15. *Turley v. Coventry Health Care of Iowa, Inc.*, 590 F. Supp. 2d 1126, 1128 (S.D. Iowa 2008) (quoting *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007)).

## DISCUSSION

The primary basis for the Plaintiffs objection is that it was improper to consider the proceedings in *Brown I* when ruling on the Motion to Amend because *Brown II* is a new action separate from *Brown I*. The Plaintiffs contend that *Brown I* "is over and done with" (Filing No. 88 ¶ 1) because it was dismissed without prejudice and the Plaintiffs have paid the fees, expenses, and costs they were ordered to pay as a precondition to refiling its action against the Defendants. Specifically, the Plaintiffs argue that because Judge Gossett improperly referred to *Brown I*, he erred in finding that the present litigation was initiated in June 2010, and therefore finding that the Plaintiffs unduly

6

delayed in seeking to amend their Complaint. The Plaintiffs also assert that Judge Gossett clearly erred when he found that "'[t]he parties have spent a considerable amount of time and expense litigating Plaintiffs' claims'" because the Defendants have been reimbursed for the fees, expenses, and costs incurred in the defense of *Brown I*. (Filing No. 88 ¶ 3 (quoting Filing No. 87 at 3).)[4]

The Court is unable to conclude that Judge Gossett's Order was clearly erroneous or contrary to the law. The Plaintiffs have failed to point to any relevant statute, case law, or rule of procedure indicating it was improper to consider *Brown I* when considering the merits of the Plaintiff's Motion to Amend, and under the present circumstances, it seems appropriate to consider the *Brown I* proceedings, especially considering the "broad discretion" the Court has when deciding whether to grant a party leave to amend. While the Plaintiffs were ordered to pay some of the attorney's fees, expenses, and costs the Defendants incurred in the defense of *Brown I*, the Court acknowledged that some of the work performed in *Brown I* may be of use to the Defendants in *Brown II*, and reduced the Defendants' requested awards accordingly.[5]

Finally, even if the Court were to disregard the proceedings and extensive discovery and consultation with experts that occurred prior to the eleventh-hour dismissal of *Brown I*, the Plaintiffs filed their Motion to Amend more than three years

---

[4] The Plaintiffs also suggest Judge Gossett improperly added restrictions to the refiling of their action when he determined that allowing the Plaintiffs to amend their Complaint would unduly prejudice the Defendants. (*Id.* at ¶ 4.) The Court is not aware of any additional restrictions placed on the refiling of the Plaintiffs' action. As the Court notes below, the Plaintiffs had the ability to include new allegations and theories of liability in their Complaint when they initiated *Brown II*; they do not dispute that the underlying support for their new allegations and theories of liability have been available to them since June 2010.

[5] The Court notes the Plaintiffs argued that the Court should deny the Defendants' requested awards because the work performed in *Brown I* could be utilized in *Brown II*. (*See* Filing No. 41 at CM/ECF p. 4.) Thus, in reducing the Defendants' requested awards, the Court agreed with the Plaintiffs' assertion that the expenses incurred during the course of *Brown I* should be considered in *Brown II*.

after the events giving rise to *Brown II* took place and more than a year after refiling their action, and the Plaintiffs do not dispute that the underlying factual support for the new allegations and theories of liability they hope to assert against the Defendants has been available to them since June 2010.

Applying the standards set forth above, the Court finds that Judge Gossett's Order is neither clearly erroneous nor contrary to the law. The Plaintiffs' Objections will be overruled, and Judge Gossett's Order will be affirmed.

Accordingly,

IT IS ORDERED that the Statement of Objections to Magistrate Judge's Order (Filing No. 88) filed by the Plaintiffs is overruled.

Dated this 24th day of May, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge